UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. |
| --- | --- | --- |
| | : | 3:17-CR-0049 (VLB) |
| v. | : | |
| | : | |
| Don Meeker | : | November 29, 2017 |

## MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE

I. **Introduction**

On March 8, 2017, a federal grand jury sitting in New Haven, Connecticut returned an indictment against Defendant Don Meeker charging him with one count of Motor Vehicle Carjacking in violation of 18 U.S.C. § 2119. [Dkt. 1 (Indictment).] The Government has filed a motion in limine seeking permission to offer Mr. Valentine's account of Defendant and co-conspirator Elbert Llorens' statements in furtherance of the conspiracy at trial on a conditional basis, and to make a final admissibility ruling at the close of the Government's case-in-chief. [Dkt. 40-2.] The Defendant has consented to the admission of such statements [Dkt. 39], and the Government's Motion [Dkt. 40-2] is GRANTED. In addition, Defendant moved to admit evidence regarding cooperating witness Kyle Valentine's four prior state convictions in order to impeach Valentine. [Dkt. 35.] The Government has consented to the admission of such impeachment evidence, and Defendant's Motion [Dkt. 35] is GRANTED. Finally, Defendant moves to exclude evidence of a plan and attempt to commit a robbery prior to the instant offense. [Dkt. 34.] The Government has opposed that motion. [Dkt. 50.] For the

1

reasons that follow, Defendant's motion to exclude prior bad act evidence is DENIED.

II. Standard of Review

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citations omitted). "A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Highland Capital Management, L.P. v. Schneider*, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) (internal citations omitted). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Id.* "A district court's *in limine* ruling 'is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer.'" *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

III. Defendant's Prior Attempted Robbery

Defendant moves to exclude evidence that on the night of the carjacking for which Defendant was indicted in this case, Defendant, Mr. Valentine, and Elbert Llorens planned and attempted to rob another individual. [Dkt. 34-1.] The evidence in question is anticipated testimony from Mr. Valentine that in the early morning hours of January 1, 2016, Defendant and Llorens decided to rob someone. [Dkt. 50 at 1-2.] They told Valentine their plan and showed Valentine

2

Defendant's gun, which was under the driver's seat of the car Defendant was driving.  *Id*.  Valentine agreed to participate.  *Id*.  The three drove to a nightclub, identified a target, and followed the intended victim outside.  *Id*.  The intended victim got into his car and drove away; Defendant, Llorens, and Valentine got into Defendant's car and pursued him.  *Id*.  Defendant subsequently ran out of gas, gave up the pursuit, and pulled into a gas station.  *Id*.  While Defendant was pumping gas, Llorens and Valentine identified the targets of the offense charged in this case: two people asking for directions.  *Id*.  Llorens offered to lead the intended victims to their destination and got back into Defendant's car.  *Id*.  Defendant expressed concern, since they were likely recorded by surveillance cameras at the gas station, but eventually agreed with the new plan and handed Llorens his gun.  *Id*.  Defendant led the intended victims to a secluded street and parked his car.  *Id*. at 3.  Llorens and Valentine got out of Defendant's car and robbed the victims.  *Id*.

Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, the court may admit such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Courts in the Second Circuit follow "the 'inclusionary' approach, which admits all 'other act' evidence that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant

under Rule 402." *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011) (citation omitted). When reviewing a court's decision to admit evidence under Rule 404(b), the Second Circuit will consider "whether: (1) the prior crimes evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the evidence was substantially outweighed by its potential for unfair prejudice pursuant to Rule 403; and (4) the court administered an appropriate limiting instruction." *Curley*, 639 F.3d at 57 (quotation omitted).

Defendant asserts evidence of the original plan and attempted robbery would suggest a propensity for criminal behavior and should be excluded as improper and prejudicial. [Dkt. 34-1 at 2-3.] The Government responds that evidence of Defendant's actions hours before the charged offense will be used for a permissible purpose, to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

The Court finds the evidence is permissible under Rule 404(b). The disputed evidence does not suggest that Defendant has a character trait for robbery and acted in conformity with that trait when committing the instant offense. Rather, the disputed evidence is probative of precisely what is allowed by Rule 404(b) – "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, [and] lack of accident." The proposed testimony is not prior conduct but rather is part and parcel of the charged offense. It is of the same nature as, and allegedly occurred within hours of, the charged offense. It is also part of the same plan or scheme: it is evidence that Meeker, Llorens, and

Valentine agreed and planned to commit a carjacking on the night of the charged offense. In addition, it is evidence of their motive for being together on the night in question. Further, the evidence that their original attempt was foiled because they ran out of gas is evidence of the defendants' opportunity to commit the charged offense, which began at a gas station shortly after the alleged aborted carjacking. Evidence of the aborted attempt also tends to show absence of mistake, namely that Meeker was aware of the plan to carjack a vehicle when the defendants left the gas station at the same time as the vehicle which was later carjacked. Such evidence of prior related acts in forming and furthering the charged conspiracy is admissible. *See, e.g., United States v. Kuthuru*, 665 F. App'x 34, 38 (2d Cir. 2016) (admitting evidence that defendant improperly billed clients at her prior job even though she knew it was wrong in order to make more money, because the testimony tended to establish defendant's motive in the charged fraud); *Curley*, 639 F.3d at 59 (admitting evidence that defendant abused his wife over the course of many years in a trial for stalking and harassing his wife because the earlier acts showed a pattern of activity probative of Defendant's intent).

In addition, the disputed evidence is not more prejudicial than probative. While "any proof highly probative of guilt is prejudicial to the interests of that defendant," evidence should only be excluded under Federal Rule of Evidence 403 if it involves "some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." *Kuthuru*, 665 F. App'x at 38-39. Defendant has raised no such adverse effect, nor can the Court discern one.

**While Defendant expresses concern that Valentine's testimony may be prompted by a hope for a lesser sentence, that concern does not require exclusion of his testimony, but rather is a subject for potential impeachment.**

IV. **Conclusion**

**For the foregoing reasons:**

1. **Defendant's Motion in Limine to prohibit evidence of his prior bad acts [Dkt. No. 34] is DENIED.**

2. **Defendant's Motion in Limine to admit impeachment evidence of Mr. Valentine's prior convictions [Dkt. No. 35] is GRANTED.**

3. **The Government's Motion in Limine to admit evidence of Mr. Llorens' co-conspirator statements and Defendant's admissions [Dkt. No. 40-2] is GRANTED.**

                                  **IT IS SO ORDERED.**

                                  ____/s/_____

                                  **Hon. Vanessa L. Bryant**
                                  **United States District Judge**

**Dated at Hartford, Connecticut: November 29, 2017**