UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. |
| | : | 3:17-CR-0049 (VLB) |
| v. | : | |
| | : | |
| DON MEEKER | : | May 11, 2018 |

## RULING DENYING MOTION FOR HEARING AND NEW TRIAL

Before the Court is Defendant's Motion for Hearing and New Trial. [Dkt. 82.] Defendant seeks an order vacating the jury verdict of conviction rendered on December 12, 2017. [Dkts. 62, 66.] The Government has filed an Opposition to the Motion. [Dkt. 83.] For the reasons set forth below, Defendant's Motion is DENIED.

I. Factual Background

The basis of Defendant's motion is alleged jury misconduct. Defendant's girlfriend, Emelin Cartagena, attended the trial on December 11, 2017. [Dkt. 73-1 (Cartagena Aff.) at ¶ 2; Dkt. 71 (Motion to Withdraw) (identifying Ms. Cartagena as Defendant's girlfriend).] Upon exiting the courthouse at approximately 4:00 pm, she "heard juror # 7 state to juror # 11 'I don't think he had any involvement.'" [Cartagena Aff. at ¶ 4.] Ms. Cartagena "immediately notified attorney Mr. William Paetzold, Mr. Amir Shaque, and the defendant Donald Meeker of the incident, who were all together at the time." *Id.* at ¶ 5.

In response to the Court's inquiry, Defense Trial Counsel did not notify the Court of the jurors' conversation at the time "because of the equivocal nature of the statement." [Motion to Withdraw at 2.] Defense Trial Counsel explained that

1

"First, Ms. Cartagena did not indicate that the juror had specifically referenced the defendant, or the trial, by the alleged remark. Furthermore, there was no context given to the alleged remark." *Id*.

On December 18, 2017, Defense Trial Counsel met with Defendant at Wyatt Detention Facility and Defendant instructed defense counsel to move for a mistrial and/or a new trial on the grounds of juror misconduct. *Id*. at 1. Defense Trial Counsel moved to withdraw their representation of Defendant thereafter because they believed there was no legal authority to file Defendant's requested motion, and because that disagreement caused a "break-down in the attorney client relationship." *Id*. at 2. After a hearing, the Court granted the motion to withdraw and appointed Attorney Michael Hasse to represent Defendant going forward. [Dkt. 78.] Attorney Hasse filed the instant motion on March 28, 2018. [Dkt. 82.]

II. Statement of Law

Federal Rule of Criminal Procedure 33 provides that, upon a defendant's motion, a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A court has "broad discretion in dealing with" a motion for a new trial. *United States v. Feng Li*, 630 F. App'x 29, 32 (2d Cir. 2015) (quoting *United States v. Thai,* 29 F.3d 785, 803 (2d Cir. 1994)).

"Absent evidence to the contrary, we presume that jurors remain true to their oath and conscientiously observe the instructions and admonitions of the court." *United States v. Cox*, 324 F.3d 77, 87 (2d Cir. 2003); *see also United States*

*v. Nieves*, 354 F. App'x 547, 553 (2d Cir. 2009) (noting that juries carry a presumption of impartiality, finding no misconduct where a juror "heard one juror suggest that a text message be sent to an alternate juror, but . . . had no knowledge of whether such a text message was, in fact, sent"). That presumption is overcome, and a "mistrial or other remedial measure is only required[,] if both juror misconduct and actual prejudice are found." *Feng Li*, 630 F. App'x at 32; *Cox*, 324 F.3d at 86 (same). A court has a duty to investigate an allegation of juror misconduct "only when the party alleging misconduct makes an adequate showing . . . to overcome the presumption of jury impartiality." *United States v. Ianniello*, 866 F.2d 540, 543 (2d Cir. 1989).

"It is a generally accepted principle of trial administration that jurors must not engage in discussions of a case before they have heard both the evidence and the court's legal instructions and have begun formally deliberating as a collective body." *Cox*, 324 F.3d at 86 (finding no juror misconduct where, during a break midway through trial, a legal secretary employed by the government reported that a juror told her the jurors wanted a conviction, but the juror denied having discussed the case with other jurors or having any preconceived notions about the verdict). Such deliberations threaten the defendant's Sixth Amendment right to a fair and impartial jury trial. *Id.* (citing U.S. Const. amend. VI).

If jurors engage in premature deliberation despite a court's instruction to refrain from doing so, those premature deliberations "may constitute juror misconduct." *Id.* Premature deliberations do not necessarily constitute jury miscount. "[I]ntra-jury communications pose a less serious threat to a

3

defendant's right to an impartial trial than do extra-jury influences." *Id.* (citing *United States v. Bertoli*, 40 F.3d 1384 (3d Cir. 1994)). While "extra-jury influences create a presumption of prejudice that must be rebutted by the government for the court to uphold the conviction, . . . cases involving impermissible intra-jury contacts do not create such a presumption." *Bertoli*, 40 F.3d at 1394 (citing *United States v. Console*, 13 F.3d 641, 686 (3d Cir. 1993)); *see also Feng Li*, 630 F. App'x at 32 (finding no juror misconduct where the court determined a juror's occasional comments to a fellow juror were not inappropriate, explaining that "when the alleged prejudice results from statements made by the jurors themselves, and not from media publicity or other outside influences," the trial court has especially broad flexibility in handling the matter).

Even where evidence of juror misconduct exists, a new trial is not appropriate absent "actual prejudice," which is "generally the touchstone of entitlement to a new trial." *United States v. Abrams*, 137 F.3d 704, 709 (2d Cir. 1998) (finding that even if defendant had shown that jurors improperly communicated before the close of the case, a new trial was inappropriate because defendant "could not possibly demonstrate actual prejudice").

A court is not required to hold an evidentiary hearing or otherwise further develop the evidentiary record before ruling on a motion for new trial alleging juror misconduct. *See, e.g., United States v. Anderson*, 689 F. App'x 53, 55 (2d Cir. 2017) (finding no abuse of discretion where district court found defendant's argument for juror misconduct not credible on the briefing and did not hold a hearing); *United States v. Botti*, 722 F. Supp. 2d 188, 200 (D. Conn. 2010) ("The[]

4

Second Circuit . . . set a high bar for permitting post-verdict interviews of jurors, and confer[s] upon this Court broad discretion in deciding whether to permit them."). In fact, in evaluating a motion for new trial, "[p]ost-trial jury scrutiny is disfavored because of its potential to undermine full and frank discussion in the jury room, jurors' unwillingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople." *United States v. Stewart,* 433 F.3d 273, 302 (2d Cir. 2006).

"[P]robing jurors for potential instances of bias, misconduct or extraneous influences after they have reached a verdict is justified only when reasonable grounds for investigation exist, in other words, where there is clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial." *Stewart*, 433 F.3d at 302-03. A court should refrain from inquiring further "whenever it becomes apparent to the trial judge that reasonable grounds to suspect prejudicial jury impropriety do not exist." *Id*. This disinclination to allow post-verdict interviews of jurors stems from the concern that "if post-verdict juror testimony could be used to impeach a verdict, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation to the destruction of all frankness and freedom of discussion and conference." *United States v. Thomas*, 116 F.3d 606, 623 (2d Cir. 1997).

In circumstances similar to those presented here, the Second Circuit has upheld a district court's decision not to hold an evidentiary hearing requiring juror testimony where the evidence offered with the briefing "fell far short of

establishing that any misconduct occurred." *United States v. Sabhnani*, 599 F.3d 215, 249 (2d Cir. 2010). The Second Circuit considered a non-juror's statement that he witnessed two jurors talking in the parking lot, and heard one of them say "guilty, guilty." *Id*. However, the witness admitted he was not sure whether the two women were jurors, could not say for certain whether they were discussing the case, and could provide no additional context for the statement. *Id*. The Second Circuit found no abuse of discretion in the district court's finding that "even if the speaker had been shown to be a member of the . . . jury and to have been referring to the case, one juror's potentially out-of-context, single word comment, does not demonstrate that the jurors prematurely deliberated and does not demonstrate that the juror would be unreceptive to opposing arguments or that any juror failed to participate in deliberations in good faith." *Id*. at 249. The Second Circuit also found no abuse of discretion in the district court's failure to order a hearing requiring juror testimony, because the witness's statement was "vague and uncertain," and did not constitute "clear, strong, substantial and incontrovertible evidence of juror misconduct." *Id*. at 250.

III. Analysis

Defendant asserts jurors 7 and 11 engaged in juror misconduct by prematurely discussing the case. In support, Defendant cites *People v. Brown*, 61 Cal. App. 3d 476, 479 (Cal. Ct. App. 1976), in which a juror told another juror before the defense presented its case-in-chief that the defendant "is guilty" and "[t]here is no doubt about it." The court found prejudicial jury misconduct because of the "firm and fixed statement of guilt . . . made by the offending juror

at a time when two and one-half days of the prosecution's case remained to be presented, before any of the defense case was presented and before the arguments of counsel or the instructions on the applicable law." *Id.* at 482. Defense counsel asserts that jurors 7 and 11 similarly committed prejudicial jury misconduct "if together they weighed in on the merits of the case prematurely, and showed clearly that they were unable to follow the court's instructions regarding deliberation." [Dkt. 82-1 at 7.]

The Government responds that Ms. Cartagena's affidavit is insufficient to establish premature, improper jury deliberations because Ms. Cartagena cannot state with certainty that the jurors were discussing the case, and because juror 7's comment does not rise to the level of improper premature deliberations.

The Court agrees and finds no evidence of juror misconduct here. Ms. Cartagena's affidavit describes an equivocal statement: "I don't think he had any involvement." [Dkt. 73-1 at ¶ 4.] Juror 7's statement lacks context. Ms. Cartagena could not say with certainty – in her affidavit or at the hearing on Defendant's Motion to Withdraw Counsel – whether juror 7 was referring to the trial or to the Defendant. Ms. Cartagena's statement is the type of "vague and uncertain" statement which is insufficient to establish "clear, strong, substantial and incontrovertible evidence" of improper premature deliberation. *Sabhnani*, 599 F.3d at 249 (*"*one juror's potentially out-of-context, single word comment, does not demonstrate that the jurors prematurely deliberated").

In addition, Juror 7's statement is a far cry from the "firm and fixed statement" which led the California Court of Appeals to find prejudicial juror

7

misconduct in *Brown*. *See Cox*, 324 F.3d at 86 (finding no juror misconduct where the juror did not have preconceived notions about the verdict, and explaining that absent evidence to the contrary, the court presumes the jurors will abide by their oath); *Bertoli*, 40 F.3d at 1394 (finding no jury misconduct. Here, even assuming - in the absence of any evidence to support such a conclusion - that juror number 7 was discussing the case, it is irrefutable that he had not prejudged the case as he must have concluded that the Defendant was involved because the jury unanimously found the Defendant guilty.

Even if juror misconduct were established, Defendant cannot show actual prejudice as a result of that misconduct. *Abrams*, 137 F.3d at 709. It is clear Defendant was not deprived of an impartial jury; even if juror 7 was expressing a then-existing belief that Defendant was not guilty, juror 7 clearly maintained an open mind and willingness to deliberate in good faith, because he ultimately voted to find Defendant guilty. *See Sabhnani*, 599 F.3d at 249 (finding evidence insufficient to establish juror misconduct where it did not establish the juror's unwillingness to deliberate); *see also, e.g.*, *Bertoli*, 40 F.3d at 1394 (finding no prejudice or cause for a new trial where one juror allegedly stated to another juror before the close of trial "how . . . does he think he's going to get away with this?" but the jury ultimately acquitted on multiple counts).

Further, juror 7's comment could not have caused Defendant prejudice because the comment *favored* Defendant. It is not the case that all premature jury communications are *de facto* prejudicial. *See, e.g.*, *Feng Li*, 630 F. App'x at 32 (finding premature jury communication not prejudicial); *Bertoli*, 40 F.3d at 1394

(same). The Court finds evidence of neither premature jury deliberations nor prejudice and denies Defendant's motion for a new trial.

The Court finds no hearing necessary in coming to this conclusion. The evidence elicited through Ms. Cartagena's affidavit and testimony at the hearing on Defendant's Motion to Withdraw do not provide "clear, strong, substantial and incontrovertible evidence of juror misconduct." *Sabhnani*, 599 F.3d at 250. Her vague and uncertain testimony, as well as the lack of any evidence of prejudice, do not create "reasonable grounds to suspect prejudicial jury impropriety," and accordingly further investigation by the Court is not necessary. *Stewart*, 433 F.3d at 302-03. To inquire further, "probing jurors for potential instances of . . . misconduct," would be improper. *Id*. The Court will not risk the "destruction of all frankness and freedom of discussion and conference." *United States v. Thomas*, 116 F.3d at 623.

IV. Conclusion

For the foregoing reasons, the Court DENIES Defendant's motion for an evidentiary hearing and for a new trial.

IT IS SO ORDERED.

                                                  /s/

                                                  Hon. Vanessa L. Bryant
                                                  United States District Judge

Dated at Hartford, Connecticut: May 11, 2018